## DAVIS, Agent, *v.* THOMAS.

[89 South. 911.   No. 22077.]

1. RAILROADS. *Injuries to persons or property by violation of statute limiting speed actionable.*

Section 4047, Code 1906 (section 6671, Hemingway's Code), prohibits the moving of cars or an engine into or along a passenger depot at a greater rate of speed than three miles per hour, and requires every such train or cars or engine backing into or along a passenger depot and within fifty feet thereof to be preceded for at least three hundred feet before it reaches or comes opposite such depot by a servant of the railroad company on foot to give warning, such servant to be not less than twenty feet nor exceeding forty feet in front of such car, train, or engine, and provides: "For every injury inflicted by a railroad company while violating this section, the party injured may recover full damages without regard to mere contributory negligence." This section covers injuries to property as well as to the person, and is not confined to passengers or those intending to take passage on the trains of the railroad company.

2. RAILROADS. *Gross contributory negligence necessary to defeat recovery for injuries by violation of statute limiting speed.*

Where persons or property are injured by a railroad company operating its cars in violation of section 4047, Code of 1906 (section 6671, Hemingway's Code), it takes gross contributory negligence to defeat a right of action for such injury; and the mere fact that a person drives upon the track near such depot without stopping, looking, or listening for an approaching train or cars or engine will not defeat his right of recovery for an injury by such cars operated in violation of this statute. Facts of the case *held* not to show gross contributory negligence.

3. RAILROADS. *Absence of warning held proximate cause of injury.*
   The facts of this case examined, and *held* that the failure of the defend-
   ant to have one of its servants precede the cars and give warning
   was the proximate cause of the injury.

APPEAL from circuit court of Newton county.
HON. A. J. McLAURIN, Judge.
Action by J. A. Thomas against Jas. C. Davis, Agent of
the Gulf, Mobile & Northern Railroad. Judgment for
plaintiff, and defendant appeals. Affirmed.

*J. N. Flowers* and *Ellis B. Cooper,* for appellant.

Coming now to the points to be made, we wish the court
to consider the following propositions: I. Section 4047
has no application to injuries to property. II. Appellee's
driver was guilty of gross, contributory negligence and un-
der this statute mere contributory negligence alone bars
recovery. III. The proximate cause of the injury was the
negligence of appellee's driver and not the defaults of ap-
pellant.

I.

The contention here made is that section 4047 has no
application to injuries to property. The court will bear in
mind that this suit is predicated on the violation of section
4047 of the Code of 1906 alone. There is no other basis of
liability set up or claimed. The accident occurred before
the comparative negligence statute was made applicable to
property. It is therefore, not applicable here.

The court will note in the first place that this statute,
section 4074 of Code of 1906, section 6671 of Heming-
way's Code, deals alone with a passenger depot. It is not
a violation of the statute to do the things therein forbid-
den around a freight depot. The thing dealt with is a place
frequented by persons who are prospective passengers or
who have business at the depot. The primary purpose of
the statute is the protection of persons.

This court in *I. C. R. R. Co.* v. *McCalip*, 76 Miss. 360, 25 So. 166, in speaking of this statute said: "The statute was designed to compel the railroad to observe a new rule of care and watchfulness in backing trains within fifty feet of a passenger depot, and to afford protection to all persons within the prescribed limits." And again this court in *Y. & M. V. R. R. Company* v. *Metcalf,* 36 So. 259, 84 Miss. 242, approved the *McCalip case, supra,* and said: "The regulation is a wise one, intended to preserve life and limb and should be given full scope in accordance with the plain meaning not restricted by strained interpretation."

The above was expressly approved in *I. C. R. R. Company* v. *Causey,* 63 So. 336, 106 Miss. 36. Thus it is that this court has said on numerous occasions that the statute was enacted for the protection of human life. And this construction is borne out by the very purpose for which the statute was enacted. Every indication points to this construction as the proper construction.

And again the statute says for "every injury inflicted" the "party injured" may recover, etc. There is no mention of property. There is no use of any word that would indicate the purpose of the legislature to include property within the meaning of the statute. And in case of injury resulting to any person or property from switching in violation of this section, the railroad company shall be liable in damages without regard to mere contributory negligence of the party injured.

In the above statute, person and property, are both included and specifically mentioned. In section 4047 no property is mentioned. And the two statutes appear to have been written by the same hand. They contain similar phrases. The sentences are similarly situated. We, therefore, submit that taking the statute as it reads, property damage does not come within its provisions, and taking its previous construction by this court, it is not within it, and comparing the provisions of the statute with its companions, it is not within it.

We submit, therefore, that the motion for a peremptory instruction should have been sustained on this ground. The facts as detailed above show without dispute, the grossest character of contributory negligence. The court has said on numerous occasions that going upon a railroad crossing without using due precaution is gross negligence.

In the case of *Y. & M. V. R. Company* v. *Williams,* 74 So. 835, 114 Miss. 236, this court said: We do not hesitate to hold that the conclusive proof in this record shows as a matter of fact and law, that the appellee, Williams, was guilty of gross negligence without using any care or caution for his own safety."

So, therefore, going upon a crossing is gross negligence as a matter of law. Before the passage of the comparative negligence statute, proof of contributory negligence entitled the defendant to the verdict. The *status* of this case is the same as that of personal injuries before the passage of the comparative negligence statute.

Section 4047 provides that mere contributory negligence, "shall not defeat the right to recover full damages. The use of the word "mere" must be in opposition to the word "gross." In other words it awards a remedy even when guilty of mere contributory negligence, consequently when a party is guilty of gross negligence under the statute, a peremptory instruction would be correct. This is the course assumed by this court in *Y. & M. V. Railroad Company* v. *Metcalf,* 36 So. 259.

In the case of *Sledge* v. *Y. & M. V. Railroad Company,* 40 So. 13, 87 Miss. 566, we find a suit where the plaintiff was guilty of gross negligence. This court held through Judge CALHOUN that the giving of a peremptory instruction was correct. It was there said: "This action is based on Revised Code 1892, section 3549, giving injured persons the right to recover full damages without regard to mere contributory negligence, in cases where the injury results from backing cars within fifty feet of a depot, unless preceded by a servant of the railroad company to give warning. This is not held to be availed of by those suffering

127 Miss.—12

because of their own voluntary, deliberate, willful, reckless, exposure. . . . Section 3549 does not apply to a case like this, and the peremptory instruction was proper." So on this feature we submit that the motion for a peremptory instruction should have been sustained.

We next urge that the failure of the appellant to have a servant precede the train or the excessive speed or both, were not the proximate causes of the injury.

The record shows that appellee's truck was on the center line of the street and fifteen feet from the crossing. The train was a few feet from the truck when it reached the track. The law requires the servant to be not less than twenty feet from the backing train and not more than forty feet when the servant, if he had been there, reached the truck, the truck was standing still, and as the record shows, when the truck was set in motion, the servant was just beyond the track. Therefore, the presence of the servant would not have prevented the injury. There was no occasion to warn a truck already halted with a perfectly obvious train moving along. They did not see the train and yet the court below assumed that the absence of the servant or the speed caused the trouble. There is no proximate connection in this record between either of the two defaults and the injury, and it is Hornbook law that such a connection must exist.

We therefore submit that for this reason the motion for a peremptory should have been sustained.

*J. D. Carr,* for appellee.

The circumstances in the case place it in the category of those cases where the surroundings, the things that distract the attention, are to be taken into consideration and can be passed on by a jury. Here a train had the crossing blocked, and patiently waiting for it to move off, someone connected with the operation of the train gave him the signal to cross over. Appellee's mind, or attention, was detracted by this train and signal and as stated by the

court in the case of *Meridian* v. *McBeath,* 80 Miss. 485: "Such is the constitution of the mind since the fall, at least, that its imperfections in this respect should not be imputed as a fault." In the case of *A. & V. Ry. Co.* v. *Summers,* 68 Miss. 566, plaintiff failed to get the warning of an approaching train because of a bundle of clothes on her head, and the court held that the defendant was guilty of negligence, and to submit to the jury whether, under the circumstances, the woman acted with reasonable prudence. See also, *Railway Co.* v. *Lowe,* 73 Miss. 203. In the case last cited the attention was diverted from the danger by a sudden and alarming outcry and commotion.

The rule is, that where the plaintiff's want of care is relied upon as a defense, unless the evidence of contributory negligence is plain and convincing as to show that he is debarred thereby of recovery, it is error to give a peremptory instruction for the defendant. *Nesbitt* v. *City of Greenville,* 69 Miss. 22; *Miss. Cent. R. R. Co.,* 51 Miss. 234.

The question in every case is always the same, viz: Did the person attempting to cross the track use that degree of care which an ordinary prudent person would have used situated and circumstanced as appellee's driver was in this case? We think he did, and therefore we think the court was clearly within the law in holding that the question was one of fact and for the jury. 36 Ann. Cas., page 767, note.

But appellant contends that section 4047, of the Code of 1906, does not apply in this case because the injury was to property. The law is: For every injury inflicted by a railroad company while violating this section, the party injured may recover full damages without regard to mere contributory negligence." Negligence is admitted, but appellant contends that the injury contemplated by the statute is injury to the person. The language of the statute is: "Every injury sustained." Certainly appellee sustained an injury and he is the person that sustained the injury. Shakespear says: "You take my house when you take the prop that doth sustain my house; you take my life, when you take the means whereby I live." Counsel for appellant would contend that the only injury

that could be inflicted, or that a party could sustain is personal injury, or injury to one's person. The language of the statute is not so narrow, but covers every injury.

And again counsel for appellant would have the court hold that the word *mere* in the statute is used to express a degree of contributory negligence. Certainly the word mere is here used in the sense of only, and means that contributory negligence alone, or only, shall not be a defense.

True it is, the court in the *Metcalf case,* 36 So. 259, said that: "The regulation is a wise one, intended to preserve life and limb," but it does not necessarily follow from this that it was not intended to provide against every injury, for the court says in the same opinion that: "It should be given full scope in accordance with the plain meaning not restricted by strained interpretation." Certainly in our opinion, it would be a restricted and strained interpretation to say that the statute is not intended to prevent every injury. There the injury was to the person and the words "life and limb," were used, not in a restrictive sense but taken with the entire sentence to include all classes, including trespassers.

Summing up, we contend that the judgment of the lower court should be affirmed. First: because the damage occurred because of appellant's violation of section 4047, Code of 1906, and if mistaken in this, because, second, the negligence of appellee, if any, in not seeing appellant's backing train, was under the circumstances, for the jury.

We therefore submit that the verdict of the lower court should be affirmed.

*D. M. Anderson,* for appellee.

The first contention of appellant, and seemingly the one most strongly urged here, is that section 4047 has no application to injuries done to property. I believe that a proper understanding and construction of section 4047 will make clear that appellant has fallen into error in this contention. In Bouvier's Law Dictionary, Volume 2, under the heading "Injury," we have this definition of the word: "Injury—A wrong; a tort, citing *Woodruff* v. *Min.*

*Co.,* 18 Fed. 753, 781. Any legal wrong which will give a cause of action to the one whose rights, person or property are injured thereby." Citing *Penn. R. Co.* v. *Merchant,* 119 Penn. 561, 13 Atl. 690, 4 Am. State Rep. 659.

In Webster's Unabridged Dictionary under the head of "Injury," we have this definition of the word: "Injury— In general, any wrong or damage done to a man's person, rights, reputation or goods. That which impairs the soundness of the body or health, or gives pain, is an injury. That which impairs the mental faculties is an injury. Trespass, frauds, and non-fulfillment of covenants and contracts are injuries to rights. Slander is an injury to reputation, and so are cowardice and vice, whatever impairs the quality or diminishes the value of goods is an injury. 2. Mischief; Detriment; 3. Any diminution of that which is good, valuable, or advantageous."

I most respectfully submit to the court that there is nothing in the statute that would indicate in the slightest that the word was used in any special sense referring only to injuries to the person as contended by appellant. The statute says, "for every injury inflicted," and this word "every" means each individual injury of a whole collection or aggregate number of injuries. The word includes the idea of the whole number of injuries suffered, but each of them separately stated or considered. Used as it is in the statute, it is inclusive of injuries of every kind and description caused by the backing of the train of cars as prohibited in this section.

Surely, then, with the above definitions of the word in mind, used with the qualifying word "every" there can be no sort of doubt that appellant is in error in his first contention that the statute does not apply, as in this case, to injuries to property. The second contention of appellant is that "appellee's driver was guilty of gross contributory negligence and under this statute mere contributory negligence bars recovery.

The word mere, as used in the statute does not refer to a degree of contributory negligence but is used here in its

commonly accepted meaning. In describing the degrees of contributory negligence, the language of the law is gross, ordinary, or slight. Used as here qualifying the phrase contributory negligence, it means contributory negligence only, or alone, and it means that the party injured may recover what damages he sustained regardless of his own negligence, should the court hold, however, that it has reference to the degrees of negligence, still the court cannot say under the facts of this case that appellee was guilty of gross contributory negligence. 51 Miss. 234; 69 Miss. 22, 10 So. 452; 68 Miss. 566, 10 So. 63; 67 Miss. 601, 7 So. 401; 73 Miss. 203, 19 So. 96; 80 Miss. 485, 32 So. 53.

The third contention of appellant is, that the proximate cause of the injury was the negligence of appellee's driver and not the defaults of appellant.

The evidence in the case shows that appellant at the time of the injury was doing an unlawful act, an act forbidden by the statute under consideration. Under the terms of that statute it is expressly provided that the negligence of the party injured, if he be injured by this unlawful act denounced, would not prevent his recovery of what damages he sustained because of an injury inflicted by the doing of the forbidden act. The record shows that appellee's driver stopped the truck at the crossing to permit an A. & V. train to pass over the crossing; that he was watching this train, and that when it passed by, some one on the train waived him on the track to cross, and that he was watching this train, and not looking for another to be backed upon him from the interchange track. Just as he was in the act of passing on to the interchange track, after waiting for the passage of the A. & V. train, he was struck by the backing train of appellant and the truck was injured.

I respectfully submit that in the light of the record, the proximate cause of the injury was the unlawful act of the appellant and not the negligence of the appellee's driver. In *Illinois Central R. R. Co.* v. *McCalip,* 76 Miss. 360, 25 So. 166, the court said in construing this statute: "The

statute was designed to compel the railroad to observe a new rule of care and watchfulness in backing trains within fifty feet of a passenger depot, and to afford protection to all persons within the prescribed limits."

There was a time since the enactment of this statute when it was contended that the statute applied only to passengers or intending passengers. In *Y. & M. V. R. R. Co.* v. *Metcalf*, 36 So. 259, the court held that a mere licensee could recover, and used the following language referring to the statute in question here:

"After careful consideration we are of the opinion that section 3549 was intended for the protection of all persons injured within three hundred feet of a passenger depot, where the injury was caused by a backing train, part of a train, or engine, on a track which passes into or along a passenger depot within fifty feet thereof, and was designed to discourage the reckless practice of backing trains without warning on premises generally frequented by numerous persons, by imposing liability on railroad companies for all infractions of the rule thereby established, and allowing all persons injured to recover full damages without reference to mere contributory negligence. No other construction, in our judgment, will effectually harmonize the several provisions of this section.

I, therefore, respectfully submit that for the reasons assigned the verdict of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was defendant in the court below; the appellee was plaintiff. The declaration alleged that plaintiff was owner of an international truck, and was hauling lumber on the 18th day of September, 1919, and that it became necessary to cross one of the defendant's tracks in the town of Newton, Miss.; that when he approached the crossing the train of the A. & V. Railroad had the crossing blocked and when it cleared the crossing it signaled the plaintiff's servant to proceed and that he proceeded and

after he came upon the interchanged tracks between the Gulf, Mobile & Northern Railroad Company and the Alabama & Vicksburg Railroad Company on said crossing that he saw some cars being backed over said interchanged tracks, and that he tried to back out of the way but the truck was struck and injured before he could do so; that the crossing in question is covered by four or five tracks. The action was predicated upon section 4047, Code of 1906 (section 6671, Hemingway's Code), which reads as follows:

"It shall be unlawful to back a train of cars, or part of a train, or an engine into or along a passenger depot at a greater rate of speed than three miles an hour; and every such train, part of a train, or engine backing into or along a passenger depot and within fifty feet thereof, shall, for at least three hundred feet before it reaches or comes opposite to such depot, be preceded by a servant of the railroad company on foot, not exceeding forty nor under twenty feet in advance, to give warning. For every injury inflicted by a railroad company while violating this section, the party injured may recover full damages without regard to mere contributory negligence."

The appellant in its brief says: "To save the court the necessity of inquiring we will say that so far as this record is concerned the train was moving at a greater rate of speed than three miles per hour, was backing into a passenger depot and within fifty feet thereof, and was not preceded by a servant."

They then state that they present the following propositions: First, that section 4047 has no application to injuries to property; second, appellee's driver was guilty of gross negligence and under this statute mere contributory negligence alone bars recovery; third, the proximate cause of the injury was the negligence of appellee's driver and not the defaults of appellant.

The injury in question arose prior to the amendment of the contributory or joint negligence statute so as to include injuries to personal property, and that section has no bear-

ing upon this controversy. But this controversy is controlled by the provisions of the section above set out. It is insisted that this section is intended alone for the protection of persons; that it deals alone with the passenger depot; that the things forbidden therein are not forbidden at a freight depot; that the thing dealt with is a place frequented by persons who are prospective passengers or who have business at the depot.

We think the language of the statute, "For every injury inflicted by a railroad company while violating this section, the party injured may recover full damages without regard to mere contributory negligence," intends to protect persons not only from personal injuries but from other legal injury. People frequently drive to depots and carry baggage and other effects with them and frequently pass depots with conveyances for various business reasons. The statute was enacted for the purpose of making such places safe for the public. Its language is plain and there is nothing in the context to limit the words "every injury." While the statute may have been enacted primarily for the purpose of protecting persons, still the language does not limit the right of recovery to personal injuries. A person can be injured in his property as well as in his person, so we think there was no error in the construction placed by the court below upon this statute.

In the second point it is insisted that the plaintiff's servant drove upon the crossing without stopping or looking or listening for the approach of the cars, and this was the grossest character of contributory negligence, and that it was more than mere contributory negligence, and that therefore the plaintiff was barred in its right of recovery on that account.

The facts show that the appellant did go upon the track without doing the prudent thing of looking up and down the track for approaching cars, but when we remember that he was signaled by the members of the crew of the other train to proceed, and that he did proceed, under the idea that they would not have given the signal had not the cross-

ing been clear, it is not such gross negligence as will defeat recovery. It is true the signal proceeded from the servants of another corporation, and, while we might concede that this was done without authority of the appellant, and that the appellant was not responsible for the mistakes of the other crew, still it is a pertinent fact in determining whether the negligence was gross or otherwise. Under all of the facts in the record we cannot say that it was gross negligence.

It is next insisted in the third point named that the failure of the appellant to have a servant precede the train or the excessive speed, or both, were not the proximate causes of the injury. It is manifest to us from the facts in this record that if the servant had preceded the backing train in the manner required by statute and given warning of the approaching cars the injury would not have occurred. The plaintiff's servant would have seen such servant of the railroad in time to have prevented the injury. Such servant of the railroad necessarily would have come within the line of vision early enough to have prevented the plaintiff's servant from going upon the crossing.

We find no reversible error and the judgment will be affirmed.

*Affirmed.*